# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:22-CR-00165-JDK-KNM** |
| **vs.** | § | |
| | § | |
| | § | |
| **OSTIN ALLEN WINECK (2)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On July 23, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Theft or Receipt of Stolen Mail Matter Generally, a Class D felony, Ostin Allen Wineck was sentenced on January 4, 2024, by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. The Court sentenced Defendant to imprisonment for a term of 21 months, followed by a 3-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include financial disclosure, credit restrictions, drug after-care, and a $100 special assessment. Defendant completed his term of imprisonment and started his term of supervised release on October 22, 2025.

## *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 5, 2025, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed the new law violations of assault causes bodily injury and violation of protective order on or about November 16, 2025, in Hopkins County, Texas. Both offenses are Class A misdemeanors.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the misdemeanor offenses of assault causes bodily injury and violation of protective order, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant's original criminal history category was IV.  The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On July 23, 2026, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition as it pertains to committing the misdemeanor offense of violating a protective order and to jointly request a sentence of imprisonment for a term of 12 months with no further term of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to that portion of Allegation 1 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Pollock

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition as it pertains to committing the misdemeanor offense of violating a protective order is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months with no further term of supervised release.  Through an individualized assessment, I determined that no new term of supervised release is warranted.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition as it pertains to committing the misdemeanor offense of violating a protective order be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.  It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months with no further term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Pollock.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months with no further term of supervised release.

So ORDERED and SIGNED this 23rd day of July, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4